UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REED CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES RIVER INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C11-960MJP <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON DAMAGES |

This matter comes before the Court on Defendant James River Insurance Company's ("James River") motion for summary judgment on damages. (Dkt. No. 37.) Having reviewed the motion, the response (Dkt. No. 47), the reply (Dkt. No. 48), and all related papers, the Court GRANTS the motion and enters judgment in favor of Defendant.

**Background**

Plaintiff Reed Construction, Inc. ("Reed") filed this lawsuit against James River seeking insurance coverage related to a commercial general liability policy James River issued to Reed. (Dkt. No. 4 at 10-14.) Reed pursues claims for breach of contract, bad faith, and violations of

1  both the Consumer Protection Act ("CPA") and the Insurance Fair Conduct Act ("IFCA").  (Id.)

2  On March 1, 2012, James River filed a motion to exclude all evidence of damages and expert

3  testimony.  (Dkt. No. 17.)  James River contended that Reed's failure to provide its calculation of

4  damages as required by Rule 26 warranted the exclusion of all evidence of damages.  (Dkt. No

5  17.).  The Court agreed, and granted the motion.  (Dkt. No. 33.)  James River then filed the

6  present motion for summary judgment.  Reed filed a response brief that appears to be a duplicate

7  of a brief filed in response to an earlier motion for summary judgment.  (Compare Dkt. No. 47

8  with Dkt. No. 34.)  James River pointed this out in its reply brief, and Reed has only filed a

9  praecipe in which it asks the Court to disregard its opposition brief in full.  (See Dkt. No. 49.)

10  Reed filed no brief responsive to the issues presented.

## Analysis

12  As has long been the case, "the plain language of Rule 56(c) mandates the entry of

13  summary judgment, after adequate time for discovery and upon motion, against a party who fails

14  to make a showing sufficient to establish the existence of an element essential to that party's

15  case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett,

16  477 U.S. 317, 322 (1986).  If the non-moving party cannot make a showing of proof as to an

17  essential element, the moving party is entitled to judgment as a matter of law in its favor.  Id. at

18  323.  Damages are an essential element of Reed's claims.  See RCW 48.30.015(1) (IFCA);

19  Griffin v. Allstate Ins. Co., 108 Wn. App. 133, 138-39 (2001) (breach of contract); Safeco Ins.

20  Co. of Am. v. Butler., 118 Wn.2d 383, 388-89 (1992) (bad faith); Hangman Ridge Training

21  Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986) (CPA).

22  Reed has failed to provide any evidence of damages, and the Court has already issued an

23  order precluding the introduction of evidence of damages in this case.  Reed's responsive brief

24

was admittedly mis-filed and is devoid of any discussion of damages. Regardless of this error, the Court has precluded Reed from presenting any evidence of damages as a sanction for having failed to provide a calculation of damages in the initial disclosures. The Court is unable to find any means by which Reed can introduce evidence of damages. There is thus no dispute of fact, and James River is entitled to summary judgment on all claims because Reed has not and cannot provide any evidence of damages. The Court therefore GRANTS James River's motion and enters judgment separately in its favor.

## Conclusion

Reed has not and cannot present any evidence of damages to support its four claims. Reed has failed to present any genuine issue of material fact precluding summary judgment in James River's favor. The Court GRANTS James River's motion and enters judgment in its favor. The pending motions and deadlines are stricken.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 16th day of May, 2012.

Marsha J. Pechman
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ON DAMAGES- 3